In the Matter of the Intermediate Account of Louis Casper, Committee of the Person and Property of John W. Casper, an Incompetent Person. United States Veterans Bureau, Appellant; Louis Casper, Committee, etc., of John W. Casper, an Incompetent Person, and American Surety Company, Respondents.— Order confirming report of referee and amending and settling intermediate account affirmed, without costs. No opinion. Rich, Young and Scudder, JJ., concur; Lazansky, P. J., and Hagarty, J., dissent, and are of opinion that there should be a surcharge for excess charges for automobile rides and clothing.

In the Matter of the Petition of John Nowak to Prove the Last Will and Testament of Rosalie Nowak, Late of the County of Kings, Deceased. John Nowak, Appellant; Mary Betkowska, Stanislaw Nowak and Nicholas Nowak, Respondents.— Resettled order of the Surrogate's Court of Kings county vacating and setting aside order denying motion for a new trial and granting a new trial affirmed, in so far as appealed from, with costs to respondents payable out of the estate. No opinion. Rich, Hagarty and Scudder, JJ., concur; Lazansky, P. J., and Young, J., dissent.

Charles C. James, Respondent, v. Alderton Dock Yards, Ltd., Appellant.— Order denying motion to dismiss complaint for insufficiency affirmed, with ten dollars costs and disbursements, with leave to defendant to answer within twenty days from service of a copy of the order herein upon payment of such costs. No opinion. Rich, Young, Kapper and Carswell, JJ., concur; Lazansky, P. J., dissents, being of opinion that this is not a case for a declaratory judgment.

Julia Kavanagh, Appellant, v. Gimbel Brothers, Inc., Respondent.— Order granting defendant's motion for a physical and oral examination of plaintiff modified by eliminating all the items therein except items " b " and " c," and as thus modified affirmed, with ten dollars costs and disbursements to appellant; examination to proceed on five days' notice at same place and hour. One group of items (a-1, a-2 and a-5) thus eliminated relates to matters not shown to be within the personal knowledge of the plaintiff, but, on the contrary, appear to be within the personal knowledge of defendant. The other group of items (a-3, a-4, a-6 and d) is in effect a cross-examination of plaintiff with respect to matters upon which she has the burden of proof under the complaint, and, therefore, in the proper exercise of discretion, may not be made the subject of an examination of plaintiff by defendant in advance of trial. Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ., concur.

Matilda M. Lion and Others, Respondents, v. Barbara M. Wright, Appellant.— Order, in so far as it denies defendant's motion to direct plaintiffs to serve a verified reply to the first, second and third separate defenses contained in the second amended answer affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ., concur.